# 95 DTA 142

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

AUTORIDAD DE CARRETERAS Y
TRANSPORTACION DE PUERTO RICO
Demandantes-Recurridos

v.

REDONDO CONSTRUCTION CORP.; PERINI CORPORATION
Y FIDELITY & DEPOSIT COMPANY OF MARYLAND
Demandados-Peticionarios

Núm. KLCE-95-0167

San Juan, Puerto Rico, a 22 de mayo de 1995

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los peticionarios, Redondo Construction Corp. y Fidelity & Deposit Company of Maryland, solicitan dejemos sin efecto la resolución del 7 de marzo de 1995 dictada por el Tribunal Superior, Sala de San Juan, adoptando el procedimiento para la determinación de admisibilidad en evidencia de un informe pericial presentado ante un comisionado especial.

La controversia surge en una acción instada por la Autoridad de Carreteras (la Autoridad) contra los peticionarios y Perini Corporation por defectos y deficiencias en la construcción del Túnel Minillas de Santurce. El Tribunal Superior designó a un ingeniero estructural como comisionado especial para la consideración del caso y dictó pautas en la resolución recurrida en cuanto a las objeciones sobre la admisibilidad del informe de los peritos.

Considerados los planteamientos de ambas partes y las normas legales y jurisprudenciales aplicables, según más adelante indicadas, expedimos el presente recurso de *certiorari* y confirmamos la resolución recurrida por entender que el tribunal de instancia encauzó adecuadamente el trámite procesal para la eventual determinación de admisibilidad en evidencia del informe pericial objetado.

### I

La Autoridad contrató cuatro (4) peritos en ingeniería estructural para que estudiaran las deficiencias en la construcción del Túnel Minillas y sometieran recomendaciones para su rehabilitación y conservación. El Ing. Rafael Jiménez Pérez fue el perito a cargo de la redacción y edición del informe final. Por alegaciones de las partes, dicho informe contiene una parte narrativa y otra técnica consistente en gráficas, dibujos, cómputos y otros

Al inicio de los procedimientos ante el comisionado, la Autoridad solicitó se marcara el informe pericial como Identificación Número 1. Tres de los peritos que intervinieron en su preparación declararon refiriéndose a dicho informe. Durante el testimonio del ingeniero Jiménez Pérez, la Autoridad anunció que se proponía presentar en evidencia la totalidad del informe. Los peticionarios se opusieron planteando que la parte narrativa de éste era prueba de referencia inadmisible.

Trabada la controversia entre las partes y referido el asunto al tribunal de instancia, éste

emitió la resolución recurrida en la que ordenó al comisionado admitir el informe y consignar para récord las objeciones de los demandados-peticionarios. Dispuso, además, que si concluido el caso aún había partes del informe que se objetaban, las partes presentarían por escrito sus posiciones para el tribunal considerar el asunto e instruir al comisionado respecto a su admisibilidad y valor probatorio. (Exhibit 2 del Recurso, pág. 3).

Ante nos los peticionarios arguyen que el tribunal erró al admitir en evidencia el informe pericial. En apoyo de su planteamiento indican que en la parte narrativa del informe los peritos relatan los resultados de su investigación de forma argumentativa constituyendo prueba de referencia inadmisible, toda vez que tres de los peritos ya habían declarado y no estaban sujetos a ser contrainterrogados.

Por su parte, la Autoridad sostiene que la controversia es prematura, pues el tribunal aún no ha pasado juicio sobre la admisibilidad o no del informe. Solicitan, además, la desestimación del recurso de epígrafe por no haberle sido notificado *"antes o en la fecha de su presentación"*, conforme lo dispone la Regla 18(C) del Reglamento del Tribunal de Circuito de Apelaciones (el Reglamento), a lo que los peticionarios han presentado oposición.

## II

Consideremos en primer término lo referente a la moción de desestimación del recurso. Surge del expediente que la resolución recurrida fue archivada en autos el 9 de marzo de 1995. Por lo tanto, el término de treinta (30) días para recurrir ante este Tribunal de dicha resolución interlocutoria vencía el 10 de abril de 1995. Artículo 4.002(c) de la Ley de la Judicatura de 1994. Los peticionarios presentaron el recurso el 30 de marzo de 1995, certificaron haberlo notificado el 29 de marzo a las partes, pero lo notificaron a la Autoridad el 31 de marzo. Si bien incumplieron el requisito de la Regla 18(C) del Reglamento al no notificar el recurso *"antes o en la misma fecha de su presentación"*, lo hicieron dentro del término legal para su presentación.'

Tomando en cuenta lo anterior, y siendo este término de estricto cumplimiento y no de naturaleza jurisdiccional, unido al hecho de que no ha mediado perjuicio a la Autoridad ya que ha tenido oportunidad de expresarse, denegamos la desestimación solicitada. -

En segúndo término, examinemos los méritos del recurso a la luz de la naturaleza de los procedimientos ante los cuales se dictó la resolución recurrida.

Nuestro ordenamiento procesal reconoce la figura del comisionado especial como medida de alivio ante el exceso de trabajo de los jueces, principalmente en casos de naturaleza especializada. Así queda dispuesto en la Regla 41 de las Reglas de Procedimiento Civil, la que considera al comisionado especial como un agente auxiliar del tribunal cuyo propósito es insuflarle dinamismo y un tono acelerado a la tramitación de pleitos en que estén envueltas, entre otras, cuestiones sumamente técnicas o de un conocimiento pericial altamente especializado. Regla 41.2, 32 L.P.R.A. Ap. III; *Sterzinger v. Ramírez,* 116 D.P.R. 762 (1985); *Vélez Ruiz v. E.L.A.,* 111 D.P.R. 752, 758-759 (1981).

El ámbito de sus funciones queda establecido en las mismas reglas, debiendo el comisionado ejercer sus funciones y poderes con sujeción a las especificaciones y limitaciones establecidas en la orden de encomienda, recayendo la función adjudicativa final sobre el tribunal. Regla 41.3, *supra*; *Vélez Ruiz v. E.L.A., supra.*

A esos efectos, la Regla 41.5 de las de Procedimiento Civil establece que el comisionado incluirá con su informe una relación de los procedimientos, un resumen de la prueba y los exhibits originales. Las partes, mediante moción, podrán presentar al tribunal sus objeciones al informe, entre las que incluirán aquellas sobre la admisibilidad de la evidencia presentada a

través del comisionado. A los fines de dilucidar dichas objeciones, el tribunal deberá señalar una vista, salvo que no la estime necesaria. Siempre tiene la facultad de adoptar, modificar, rechazar en todo o en parte el informe o recibir evidencia adicional, o devolverlo al comisionado con aquellas directrices o instrucciones que estime pertinentes. Regla 41.5 (a) y (b), *supra.*

En atención a lo anterior, y tomando en consideración que el comisionado designado en este caso no es abogado, el Tribunal Superior ordenó se aceptara el informe pericial y se consignaran para récord las objeciones de las partes, posponiendo la determinación de admisibilidad hasta que concluyera el proceso ante el comisionado. Será entonces que el tribunal evaluará el contenido de la prueba objetada, y a la luz de los planteamientos de las partes decidirá sobre su admisibilidad e impartirá al comisionado las instrucciones al respecto.

En vista de que el tribunal aún no ha pasado juicio sobre la admisibilidad de la prueba objetada, contrario a lo arguido por los peticionarios, nuestra intervención en esta etapa de los procedimientos es prematura. En nuestra opinión, el curso de acción adoptado por el tribunal en su resolución es adecuado y está a tono con el procedimiento especial que debe regir en casos celebrados ante comisionados, según lo hemos expuesto anteriormente. (Véase la Regla 4.15, *supra*).

En cuanto a los planteamientos de los peticionarios respecto a que la actuación del tribunal no es conforme a derecho, téngase presente que, si bien la parte narrativa del informe pericial es prueba de referencia ██ aún está declarando y por consiguiente sujeto a contrainterrogatorio el ingeniero Jiménez Pérez, quien *"se encargó de la redacción final del informe dándole forma a lo que [los otros peritos] le informaron".* (Exhibit 8 del Recurso, pág. 33). Además, según han expresado los peticionarios, en cuanto a la certeza de lo aseverado en el informe, no hay controversia que las declaraciones contenidas en éste fueron hechas por los peritos, que el informe se está ofreciendo para corroborar la declaración de éstos durante la vista del caso y que es una *"prueba acumulativa".* (Recurso, pág. 8 y Exhibit 8, *supra*, pág. 34)██ Todas estas circunstancias y los planteamientos de los peticionarios deberán ser consideradas por el tribunal de instancia al hacer la determinación final de qué partes del informe serán admisibles, conforme a las exigencias de la Regla 63 de las Reglas de Evidencia, 32 L.P.R.A. Ap. IV.

En síntesis, las partes no han sufrido perjuicio alguno, toda vez que eventualmente tendrán la oportunidad de exponer ante el tribunal de instancia sus objeciones y posiciones sobre esta controversia, las cuales serán atendidas por éste en su debido momento y antes de que el comisionado emita su informe.

### III

Por los fundamentos antes expuestos, se expide el recurso y se confirma la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 142**

**1.** No consta en el expediente copia del informe pericial objetado.

**2.** Véase por analogía la Regla 53.2 de las de Procedimiento Civil y la Regla 20(1) del Reglamento del Tribunal Supremo, la cual dispone que el recurso de *certiorari* deberá ser notificado a la parte contraria *"dentro del término para la presentación del recurso"*, así como lo resuelto en *González Santos v. Bourns,* ___ D.P.R. ___

(1989), **89 J.T.S. 107,** pág. 7273.

**3.** Véase la nota al calce número 1.

**4.** La Regla 63 de Evidencia establece una excepción a la regla de exclusión de prueba de referencia. El factor crucial bajo esta regla es que la parte afectada por la declaración anterior tenga efectiva oportunidad de contrainterrogar al declarante con relación a ella mientras esté ocupando la silla testifical. *Pueblo v. Adorno Cabrera,* ___ D.P.R. ___ (1993), **93 J.T.S. 107,** pág. 10909. En aquellas instancias en que el testigo acepte haber efectuado la declaración anterior y la certeza de lo aseverado en ella, se entenderá que no hay problemas en cuanto a la efectividad del contrainterrogatorio *Pueblo v. Esteves Rosado, supra,* pág. 344; E. Chiesa, *Práctica Procesal Puertorriqueña, Evidencia,* **Publicaciones J.T.S.,** San Juan, 1979, Análisis Editorial, págs. 313-314 y 317.